242 N.J. Super. 218 (1990)
576 A.2d 328
FRED J. TOCCO, PLAINTIFF-APPELLANT,
v.
NEW JERSEY COUNCIL ON AFFORDABLE HOUSING, DEFENDANT-THIRD-PARTY PLAINTIFF/RESPONDENT,
v.
TOWNSHIP OF CHERRY HILL, THIRD-PARTY DEFENDANT/RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1990.
Decided July 3, 1990.
*219 Before Judges ANTELL, ASHBEY and ARNOLD M. STEIN.
S. David Brandt argued the cause for appellant (Brandt, Haughey, Penberthy, Lewis & Hyland, P.C., attorneys; Patrick *220 F. McAndrew and S. David Brandt on the brief; Patrick F. McAndrew on the reply letter brief).
Geraldine Callahan, Deputy Attorney General, argued the cause for respondent Council on Affordable Housing (Robert J. Del Tufo, Attorney General; Mary C. Jacobson, Deputy Attorney General, of counsel; Geraldine Callahan on the brief).
Francine I. Axelrad argued the cause for respondent Township of Cherry Hill.
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiff appeals the order granting summary judgment to defendant-third-party plaintiff Council on Affordable Housing (COAH) and dismissing the complaint. In a comprehensive oral opinion, Judge Gibson ruled that COAH's imposition of an eighteen-month moratorium on the development of certain lands in Cherry Hill Township was not an unconstitutional taking of plaintiff's affected property. U.S. Const., Amend. V and XIV; N.J. Const. (1947), Art. I, ¶ 20. We agree and affirm.
Plaintiff is the owner of 140 acres in Cherry Hill. In May 1985, a complaint was filed in the Law Division (Fair Share Housing Center, Inc., et al. v. Township of Cherry Hill, Docket No. L-042750-85 P.W.), alleging that the township had failed to provide for a fair share of its region's present and prospective needs for low and moderate income housing. N.J. Const. (1947), Art. I, ¶ 1; Art. IV, § 6, ¶ 2. So. Burl. Cty. N.A.A.C.P. v. Tp. of Mt. Laurel, 67 N.J. 151, 174, 336 A.2d 713 (1975) (Mount Laurel I); So. Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp., 92 N.J. 158, 208-209, 456 A.2d 390 (1983) (Mount Laurel II).
In 1985, in response to the Mount Laurel rulings, the Legislature enacted the Fair Housing Act, N.J.S.A. 52:27D-301 et seq., L. 1985, c. 222, § 1, eff. July 2, 1985. The act is intended to satisfy the constitutional obligations enunciated by our Supreme Court in the two Mount Laurel decisions. N.J.S.A. *221 52:27D-302 creates COAH and endows that agency with the powers to define housing regions within the state and the regional need for low and moderate income housing, along with the power to promulgate guidelines for municipalities to determine their fair share of their regions' needs. The council is also empowered to decide whether the proposed ordinances and related planning steps will satisfy a particular community's Mount Laurel obligations.
The Act further provides for all pending and future Mount Laurel cases to be transferred to COAH, except where, in cases filed more than sixty days before July 2, 1985, such transfer would result in "manifest injustice to any party to the litigation." N.J.S.A. 52:27D-316.
By letter dated January 23, 1986, Judge Gibson transferred the discriminatory housing suit against Cherry Hill to COAH.
By resolution dated March 2, 1987, COAH found that the regional housing element and fair share plan (N.J.S.A. 52:27D-309) submitted by Cherry Hill contained certain deficiencies which the municipality was given sixty days to correct. Thereafter, by resolution dated April 29, 1987, COAH determined that land was a scarce resource in Cherry Hill, and issued an order restraining the municipality from granting any type of development approval for any parcel of land of two or more acres. The restraint was issued pursuant to N.J.A.C. 5:91-11.1:
At any time, upon its own determination, or upon the application of any interested party, and after a hearing and opportunity to be heard, the Council may issue such orders as may be necessary to require that a participating municipality take appropriate measures to preserve scarce resources that may be essential to the satisfaction of the municipality's obligation to provide for its fair share of its region's present and prospective need for low and moderate income housing.
This regulation derives its substantive authority from Hills Dev. Co. v. Bernards Tp. in Somerset County, 103 N.J. 1, 510 A.2d 621 (1986) (Hills Development):
We have concluded that the Council has the power to require, as a condition of its exercise of jurisdiction on an application for substantive certification, that the applying municipality take appropriate measures to preserve "scarce resources," *222 namely, those resources that will probably be essential to the satisfaction of its Mount Laurel obligation. [Id. at 61, 510 A.2d 621].
COAH denied plaintiff's petition for exemption from the development moratorium.
The negotiation process between Cherry Hill and COAH was unproductive. Because the municipality failed to make the necessary correction to the housing element and fair share plan required by COAH pursuant to N.J.S.A. 52:27D-315b, the agency denied the township's petition for substantive certification of the plan. The denial resulted in remand of the matter to the Law Division and expiration of the vacant land development freeze one month from the September 26, 1988 date of COAH's resolution of denial. By the time that the freeze expired, it had been in effect for about eighteen months.
Plaintiff does not attack N.J.A.C. 5:91-11.1, the regulation pursuant to which the freeze was ordered, nor does he dispute the reasonableness of the freeze or its duration. Instead, he assumes the propriety of the development restriction, but claims that its implementation was a temporary taking of his property without due process of law.
Plaintiff's contention that Cherry Hill is answerable in just compensation damages is clearly without merit as a matter of fundamental procedure. He has not sued Cherry Hill. The township is a party to this action only by virtue of its joinder by COAH as a third-party defendant. COAH is the only direct defendant and the only party against whom plaintiff has sought relief.
We reject plaintiff's contention that he is entitled to just compensation as a result of the eighteen-month freeze imposed by COAH. He relies upon Lomarch Corp. v. Mayor of Englewood, 51 N.J. 108, 237 A.2d 881 (1968), in which the landowner sought subdivision of a sixteen-acre parcel to build one-family homes. While the application was pending, Englewood adopted an ordinance placing plaintiff's land on the city's official map *223 and designated it as property reserved for park use. N.J.S.A. 40:55-1.32 now repealed[1] (L. 1975, c. 291, § 80) provided:
Upon the application for approval of a plat, the municipality may reserve for future public use the location and extent of public parks and playgrounds shown on the official map, or any part thereof and within the area of said plat for a period of one year after the approval of the final plat or within such further time as agreed to by the applying party. Unless within such one year period or extension thereof the municipality shall have entered into a contract to purchase, or instituted condemnation proceedings, for said park or playground according to law, such applying party shall not be bound to observe the reservation of such public parks or playgrounds.
The potential effect of the statute and its implementation by Englewood's ordinance was to prohibit development of plaintiff's property for one year. The Supreme Court concluded that
the `option' for the purchase of land upon the unilateral action of the municipality without any consensual action of the landowner, was statutorily granted to the municipality only upon the implied duty and obligation to make payment of adequate compensation to the landowner for the temporary taking and his deprivation of use. [Lomarch, supra, 51 N.J. at 113, 237 A.2d 881].
Lomarch is distinguishable. That case involved a development moratorium affecting a particular parcel of land. This plaintiff's land is one of several tracts subject to the eighteen-month development freeze imposed by COAH. The imposition for a reasonable time period of a moratorium on land development for environmental and other public interest reasons does not constitute a temporary taking of an affected landowner's property. Absent extraordinary delay, decreases in the value of property during governmental deliberations are incidents of ownership, and do not result in a taking. Littman v. Gimello, 115 N.J. 154, 163, 557 A.2d 314 (1989) (absent showing of *224 unusual delay in government action, declaration of plaintiff's property as potential hazardous waste facility site not a taking); Wilson v. Long Branch, 27 N.J. 360, 374, 142 A.2d 837 (1958), cert. den. 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958) (no taking because property declared to be in blighted area); Orleans Builders & Developers v. Byrne, 186 N.J. Super. 432, 446, 453 A.2d 200 (App.Div. 1982), certif. den. 91 N.J. 528, 453 A.2d 851 (1982) (no taking where executive order banned development pending enactment of Pine Lands Protection Act, N.J.S.A. 13:18A-1 et seq., which regulated development in Pine Lands); Meadowland Reg., etc. v. Hackensack, etc., 119 N.J. Super. 572, 578, 293 A.2d 192 (App.Div. 1972), certif. den. 62 N.J. 72, 299 A.2d 69 (1972) (two-year freeze on use of 10,000 acres in Meadowlands pending completion of regional development plan not a taking). Cf. Washington Market Enterprises v. Trenton, 68 N.J. 107, 122, 343 A.2d 408 (1975) (unconstitutional temporary taking can result where threat of condemnation substantially destroys beneficial use of property for extended periods; plaintiff's commercial building located in area designated as blighted for over ten years until abandonment of blighted designation, during which retail value of plaintiff's property plummeted).
A land development moratorium imposed for the purpose of enabling a municipality to fulfill its constitutional obligation to provide for its fair share of low and moderate income housing is not unconstitutional. Hills Development, supra, 103 N.J. at 61, 510 A.2d 621.
Affirmed.
NOTES
[1] The successor statute, N.J.S.A. 40:55D-44, continues the one-year freeze provision against development of certain public property, but expressly provides just compensation to the developer for actual loss incurred during the period of temporary reservation and deprivation of use. Just compensation is deemed to be the fair market value of an option to purchase the land for the period of reservation. Other incidental damages, such as taxes and reimbursement for unnecessary expenditure of professional fees in development of the property, are also allowable.